[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15843

_____

BIA No. A74-855-742

FENG CHAI YANG,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 17, 2008)**

Before EDMONDSON, Chief Judge, DUBINA, Circuit Judge, and STORY,[*]
District Judge.

PER CURIAM:

---

[*]Honorable Richard W. Story, United States District Judge for the Northern District of
Georgia, sitting by designation.

Petitioner, Feng Chai Yang ("Yang"), seeks review of the Board of Immigration Appeals' ("BIA") decision after remand by this court for the BIA to answer the question of whether specified actions qualified as "other resistance to a coercive population control program" under Immigration Nationality Act § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B). Because we conclude from the record that the BIA's decision is unreviewable due to internal inconsistencies, we vacate the BIA's decision and remand this case for further proceedings.

Yang, a native and citizen of China, filed an application for asylum, asserting that she had been persecuted for resisting China's population-control policies. Yang asserts that the Chinese government forced her to have two intrauterine devices inserted and to undergo experimental sterilization procedures.

The BIA concluded that while some of Yang's actions may have constituted "other resistance," she was not "persecuted" for those acts. However, there is an internal inconsistency in the BIA's decision. The BIA first construed the "other resistance" clause of INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B), as having an implied requirement that "other resistence" be "on account of" a population control program. Yet, later in its opinion, the BIA agreed with Yang that her removal of the governmentally imposed intrauterine device, "regardless of her motives for doing so," constitutes "other resistance." This internal inconsistency in the BIA's decision renders its two conflicting interpretations of the statute logically

2

impermissible and prevents this court from reviewing the reasonableness of a single interpretation.

Accordingly, we vacate the BIA's decision and remand this case to the BIA with directions that it clarify its internal inconsistencies.

**VACATED and REMANDED.**